to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to the special proceeding in which it was had. In the absence of such adjudgment, the court has no power to inflict punishment. Judiciary Law, § 770; Wolf v. Buttner, 6, Misc. Rep. 119, 26 N. Y. Supp. 52; Wolfe v. Knight, 15 Misc. Rep. 438, 37 N. Y. Supp. 210; Co-Op. Pub. Ass'n v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933; Fiero on Spl. Proceedings (3d Ed.) p. 1844.

[3] Respondent's contention that the order can be amended in this respect under the permissive provisions of sections 721, 722, and 723 of the Code of Civil Procedure has been given careful attention; but, inasmuch as the defect in question goes to the jurisdiction and avoids the very foundation of relator's detention, those provisions are inapplicable. There can be no question but that relator's detention upon such an order cannot be had, nor but that the matter can be reviewed by way of writ of habeas corpus. In the Matter of Swenarton v. Shupe, 40 Hun, 41.

Order may be entered discharging relator from custody.

---

(160 App. Div. 66)

### FITZGIBBONS v. SCHENECTADY RY. CO.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

TRIAL (§ 127*)—MISCONDUCT OF COUNSEL—REFERENCE TO INSURANCE.

In an action for injuries to a street car passenger, plaintiff called his physician, who testified on cross-examination that plaintiff called at his office to have a certificate made out to be forwarded to an accident insurance company. An objection was sustained to the question, but defendant's counsel in argument to the jury stated that plaintiff was insured. Held, that such references to insurance were improper and prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. § 127.*]

Appeal from Trial Term, Saratoga County.

Action by Denis Fitzgibbons against the Schenectady Railway Company. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial on the minutes, he appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Leary & Fullerton, of Saratoga Springs (Walter A. Fullerton, of Saratoga Springs, of counsel), for appellant.

James McPhillips, of Glens Falls, for respondent.

JOHN M. KELLOGG, J. The plaintiff, in alighting from the front platform of the defendant's car at Saratoga, fell over the fender and was injured. The trial proceeded upon the theory that the injury was caused because the fender was not raised in due time; the defendant claiming that the plaintiff received his injury in trying to rush ahead of the motorman, who was proceeding to raise the fender. We cannot say that the verdict is against the evidence. It seems probable, how-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever, that the plaintiff was prejudiced before the jury by proof that he was insured against accidents. The plaintiff called as a witness the doctor who attended him and proved treatment from January 4th to the 12th. On cross-examination it appeared that after the 12th the doctor had not seen the plaintiff until the 18th, when he called at the office to have a certificate made out. The defendant asked about the certificate; the plaintiff objected and took exception. The answer showed that the certificate was to an insurance company, showing the nature of the accident and the time of the treatment therefor. Then the defendant recalled the plaintiff and asked him if he had an insurance policy, the objection to which question was sustained, but in summing up to the jury the defendant's counsel stated that the plaintiff was insured. I think these references to the insurance were improper and prejudicial. The jury may have thought that if the plaintiff was indemnified by an insurance company he should not recover from defendant.

The judgment and order are therefore reversed, and a new trial granted, with costs to the plaintiff to abide the event. All concur.